**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **Criminal No. DLB-25-397** |
| **LENNIE LAMONT MILLER,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

**MOTION TO CORRECT SENTENCE**

Lennie Miller, by undersigned counsel, asks the Court to modify the judgment to include a one-day term of supervised release. *See* Fed. R. Crim. P. 36, 35(a). Because Rule 35(a) permits correction only "[w]ithin 14 days after sentencing," and that period ends on October 6, 2026, Mr. Miller therefore respectfully requests a ruling by that date.

1. On September 22, 2026, the Court sentenced Mr. Miller to 36 months of imprisonment. At first, the Court orally announced a sentence of thirty-six months of imprisonment followed by two years of supervised release. The Court then asked the U.S. Probation Officer Erik Finneyfrock why the Presentence Investigation report did not recommend a term of supervision. Probation indicated that it did not believe a term of supervision was warranted based on an individualized consideration of Mr. Miller's circumstances. After hearing from counsel, the Court orally amended its sentence to thirty-six months of imprisonment with no supervision to follow.

2. That amendment was meant to spare Mr. Miller a burden that an individualized assessment of his circumstances showed was unnecessary. Undersigned counsel did not appreciate at the time that it would also lengthen his time in custody, as compared to a similarly situated person who received a custodial sentence followed by a term of supervision. As described *infra*,

an individual sentenced to 36 months and any term of supervised release may apply his earned time credits to leave prison as much as twelve months early. 18 U.S.C. § 3624(g)(3). Mr. Miller, sentenced to the same 36 months without supervision, cannot do so.

3. Specifically, under the First Step Act, a prisoner who completes recidivism-reduction programming receives earned time credits. 18 U.S.C. § 3632(d)(4)(A). The Bureau of Prisons may apply those credits to transfer him to supervised release up to twelve months early, but only "[i]f the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3624(g)(3). The Bureau's regulation says the same thing. *See* 28 C.F.R. § 523.44(d)(2) ("The Bureau may apply FSA Time Credits toward early transfer to supervised release under 18 U.S.C. 3624(g) only when an eligible inmate has, in addition to satisfying the criteria in paragraphs (b) and (c) of this section . . . a term of supervised release after imprisonment included as part of his or her sentence as imposed by the sentencing court).

4. The Sentencing Commission has also flagged the issue for sentencing courts, explaining that "[w]hether a defendant's sentence includes a term of supervised release may impact the application of time credits earned by the defendant under the First Step Act of 2018." U.S.S.G. § 5D1.1 cmt. n.10.

5. Currently, Mr. Miller may still obtain earned time credits, and the Bureau may apply them toward pre-release custody in a residential reentry center or home confinement. 18 U.S.C. § 3624(g)(2). What Mr. Miller cannot obtain is early transfer out of Bureau of Prisons custody to supervised release, a benefit that could result in a sentence reduction of up to a year. 18 U.S.C. § 3624(g)(3).

6. Undersigned counsel did not advise Mr. Miller, before or at sentencing, that a sentence without supervised release would foreclose the application of earned time credits toward early transfer to supervised release. Counsel first learned of the issue on October 5, 2026.

7. Federal Rule of Criminal Procedure 36 allows the Court "at any time" to "correct an error in the record arising from oversight or omission." This consequence of the amended sentence was overlooked by counsel. The judgment's omission of any term of supervised release arises directly from that oversight.

8. In the alternative, Rule 35(a) allows the Court, within 14 days after sentencing, to "correct a sentence that resulted from arithmetical, technical, or other clear error." The sentence here rests on a mistaken premise, that removing supervision was appropriate and would aid Mr. Miller in being fully rehabilitated.

9. The factors that govern supervised release support the correction. *See* 18 U.S.C. § 3583(c). A term of supervised release gives Mr. Miller the full incentive Congress created to complete recidivism-reduction programming, which furthers the goals of deterrence and the need for correctional treatment to be provided "in the most effective manner." 18 U.S.C. § 3553(a)(2)(B), (D). It also avoids an unwarranted disparity with individuals who received the same custodial term and any period of supervision. 18 U.S.C. § 3553(a)(6). And it follows the Commission's guidance that courts account for the effect of supervised release on First Step Act credits. U.S.S.G. § 5D1.1 cmt. n.10.

10. The requested relief is modest. A one-day term carries out what the Court decided, that Mr. Miller does not need supervision, while preserving the incentive Congress created for him to complete evidence-based rehabilitative programming while in custody.

11. The government "does not consent to the motion."

WHEREFORE, Mr. Miller respectfully requests that the Court enter an amended judgment imposing a one-day term of supervised release, with all other terms unchanged. A proposed order is attached.

Respectfully submitted,

JAMES WYDA

Federal Public Defender for the District of Maryland

/s/

ERIC D. PILCH (NY # 5652979; MD # 2411121001)
Assistant Federal Public Defender
Office of the Federal Public Defender
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
Telephone: (301) 344-0600
Eric_Pilch@fd.org